IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ASHLEE GONZALEZ, | § | |
| INDIVIDUALLY AND AS | § | |
| DEPENDENT ADMINISTRATOR OF | § | |
| AND ON BEHALF OF THE ESTATE | § | |
| OF MELISSA DE LA CRUZ, AND | § | |
| MELISSA DE LA CRUZ'S HEIR(S)- | § | |
| AT-LAW AND WRONGFUL DEATH | § | CIVIL ACTION NO. 7:25-cv-00177 |
| BENEFICIARIES; AND ARACELI DE | § | |
| LA CRUZ, INDIDUALLY | § | |
| | § | |
| V. | § | |
| | § | |
| HIDALGO COUNTY, TEXAS | § | |

---

## DEFENDANT HIDALGO COUNTY'S ORIGINAL ANSWER

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES DEFENDANT HIDALGO COUNTY, and files its Original Answer to Plaintiffs' Original Complaint, and in support of same would respectfully show as follows:

### 1.0 GENERAL DENIAL

1.1 Except to the extent expressly admitted herein, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' Original Complaint (Doc. #1) and demand strict proof thereof, by a preponderance of the credible evidence.

1.2 Defendant specifically denies the "boxed" introductory and conclusory statement on the first page of Plaintiff's Original Complaint, and further denies that the photograph of a jail cell on such page represents any of the premises of the Hidalgo County Detention Center wherein Melissa De La Cruz was housed during her lawful detention at that facility.

1.3    Defendant admits that Plaintiff has created and included a "Table of Contents" of its allegations in the subject pleading but denies the truth of the conclusions stated in such Table.

## 2.0 PARTIES

2.1    In response to the factual allegations in ¶ I.A.1. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of relationships between the decedent, Ashlee Gonzalez, Araceli De La Cruz and the minor alleged wrongful death beneficiaries, therefore all such allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ashlee Gonzalez is the dependent administrator of the Estate of Melissa De La Cruz. Deceased, therefore such allegations is denied. Defendant admits that Ms. Gonzalez asserts claims in an individual capacity in this lawsuit and also claims to seek all damages available to her as a wrongful death beneficiary and/or heir.  Defendant admits that Ms. Gonzalez asserts claims as the dependent administrator and also claims to seeks all damages and remedies on behalf of all alleged wrongful death beneficiaries.  Defendant admits that Ms. Gonzalez asserts claims on behalf of the Estate of Melissa De La Cruz and all of Ms. De La Cruz's heirs. Defendant admits that Ms. Gonzalez asserts claims on behalf of and claims to seek all survival and other damages available under the law to the Claimant Heirs.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ashlee Gonzalez qualified and had letters issued as dependent administrator in Cause No. 2023-PR-00539-2, in County Court-at-Law No. 2 of Nueces County, Texas, in a case styled *Estate of Melissa De La Cruz*, Deceased, therefore such allegation is denied.

2.2    In response to the factual allegations in ¶ I.A.2. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegation that Araceli De La Cruz is the biological and legal daughter of Melissa De La Cruz, therefore such allegation is denied. Defendant admits that Araceli De La Cruz sues in her individual capacity and claims to seek all damages and remedies available to her as a wrongful death beneficiary and/or heir.

2.3    Defendant admits the factual allegations regarding service of process on Hidalgo County in ¶ I.A.3. of Plaintiffs' Original Complaint. Defendant denies the remainder of ¶ 1.A.3. of Plaintiffs' Original Complaint.

## 3.0 JURISDICTION AND VENUE

3.1    Defendant admits the jurisdictional and venue allegations in ¶ I.B.4. of Plaintiffs' Original Complaint.

## 4.0 FACTUAL ALLEGATIONS

4.1    As to the allegations in ¶ II.A.5. of Plaintiffs' Original Complaint, Defendant admits that this case is brought by Plaintiffs as a constitutional rights case. Defendant admits that Hidalgo County has a duty to provide adequate medical and mental healthcare to pretrial detainees being held in the Hidalgo County Adult Detention Center and to protect and not punish pretrial detainees under the Constitution of the United States of America and caselaw interpreting same. Defendant denies that it violated Melissa De La Cruz's constitutional rights in any manner. Defendant denies that Melissa De La Cruz's alleged suffering and death resulted from any action or inaction of Defendant. Defendant denies that Plaintiffs properly allege any condition of confinement or episodic acts and/or omissions claims. Defendant denies the withholding of any medical care, any failure to protect, and any punishment resulting in any suffering or death of Melissa De La Cruz.

4.2    Defendant is not required to respond to the non-factual allegations in ¶ II.A.6. of Plaintiffs' Original Complaint regarding the content of Plaintiffs' pleading.  However, Defendant denies that Plaintiffs' allegations demonstrate that their claims have facial plausibility.

4.3    Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in ¶ II.A.7. of Plaintiffs' Original Complaint.

4.4    Defendant is not required to respond to the non-factual allegations in ¶ II.A.8. of Plaintiffs' Original Complaint.

4.5    Defendant admits the allegations set out in ¶ II.B.1.9. of Plaintiffs' Original Complaint.

4.6    As to the allegations in ¶ II.B.1.10. of Plaintiffs' Original Complaint, Defendant admits that Melissa De La Cruz's infirmary records demonstrate that Melissa reported that she had high blood pressure and suffered from anxiety and depression.  Defendant admits that Melissa De La Cruz was initially put on a regular diet and housed in the jail's general population.  Defendant admits that there were indications that Melissa De La Cruz may have suffered from mental illness. Defendant denies that records regarding medical attention provided in response to Melissa's physical complaints during the pertinent last 3 days of her incarceration are "sparse."  Defendant denies that Melissa's transport to the hospital was "too-late."

4.7    As to the allegations in ¶ II.B.1.11. of Plaintiffs' Original Complaint, Defendant admits that Melissa De La Cruz's infirmary records note that she was crying when she sought medical treatment due to having heartburn and pain while breathing. Defendant is without knowledge or information sufficient to admit or deny the substance of the telephone call between Melissa and her daughter, therefore such allegations are denied.

4.8     As to the allegations in ¶ II.B.1.12. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny the substance of the telephone call between Melissa and her daughter, therefore such allegations are denied.  Defendant is without knowledge or information sufficient to admit or deny whether Melissa had pain on April 11, 2023, therefore such allegation is denied.  Defendant denies that Melissa exhibited or complained of symptoms of a life-threatening illness during her incarceration in the Hidalgo County Adult Detention Center.

4.9     As to the allegations in ¶ II.B.1.13. of Plaintiffs' Original Complaint, Defendant denies that Melissa De La Cruz was not provided treatment for the pain of which she complained on April 12, 2023.  Defendant denies that on April 12, 2023 Melissa De La Cruz complained of physical symptoms which ultimately resulted in her death. Defendant admits that jail medical personnel attributed Melissa's gastric pain to her admission that she ate Hot Cheetos, Takis and pickles from the Commissary. Defendant denies that such suggestion was made jokingly. The record evidences that Melissa was placed on a bland diet and had been scheduled for a doctor visit the next day.  Defendant admits that on April 12, 2023, Melissa was found on the floor cursing and yelling and complaining of heartburn. She was attended by an infirmary nurse and transported via wheelchair to triage.

4.10    As to the allegations in ¶ II.B.1.14. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny the substance of the telephone call between Melissa and her daughter, therefore such allegations are denied. Defendant denies any alleged presumption by Plaintiff.

4.11    As to the allegations in ¶ II.B.1.15. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny the substance of the telephone call between Melissa and her daughter, therefore such allegations are denied.

4.12    As to the allegations in ¶ II.B.1.16. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny whether Melissa De La Cruz told more than one person in the jail regarding her "significant suffering." Defendant admits that Melissa De La Cruz was seen in the infirmary for pain on 4 occasions.  She was provided with medication for such pain from April 10th to April 13th.  Defendant admits that on April 10th when she first complained of heartburn pain and on April 12th when she complained of heartburn pain to medical staff, she was not transported to the emergency room. Defendant denies that she was not transported to the emergency room on April 13th.  Defendant is without knowledge or information sufficient to admit or deny the substance of the telephone call between Melissa and her daughter, therefore such allegations are denied.

4.13    As to the allegations in ¶ II.B.1.17. of Plaintiffs' Original Complaint, Defendant admits that after her return from a court hearing that morning (April 13th), Melissa De La Cruz was seen in the infirmary for right upper quadrant pain of which she complained for the first time. Defendant admits that the infirmary records reflect that she exhibited guarding and had rebound pain, was pale, hypotensive and tachycardic. Defendant admits that the infirmary records reflect that her blood pressure was 90/60, her pulse was 110 and her temperature was 98.8.  It is denied that a serious infection was raging in her body at that time or had been during the time she was complaining of heartburn. It is denied that on April 13, 2023 it was too late for Melissa to receive life-saving medical treatment. It is admitted that the decision was made to send Melissa to the hospital for medical clearance/treatment.

4.14    As to the allegations in ¶ II.B.2.18. of Plaintiffs' Original Complaint, Defendant admits that it did not file a custodial death report with the Attorney General of Texas. Defendant denies that Melissa De La Cruz was "dumped" on the hospital in order to avoid paying medical expenses or reporting her death to authorities and denies that such actions were a "common practice" of Hidalgo County. As required, Melissa De La Cruz was released from custody while in the hospital on April 14, 2023, pursuant to three court-issued release orders which had been entered in each of her three pending criminal cases on April 13, 2023 and April 14, 2023.

4.15    As to the allegations in ¶ II.B.3.19. of Plaintiffs' Original Complaint, Defendant admits that it did not file an Inmate Death Report with the Texas Commission on Jail Standards. Defendant denies that Melissa De La Cruz was "dumped" on the hospital in order to avoid paying medical expenses or reporting her death to the state and denies that any such conduct was a "common practice" of Hidalgo County.  Melissa De La Cruz properly was released from custody while in the hospital on April 14, 2023, pursuant to three court-issued release orders which had been entered in each of her three pending criminal cases on April 13, 2023 and April 14, 2023.

4.16    As to the allegations in ¶ II.B.4.a.20. of Plaintiffs' Original Complaint, Defendant admits that Melissa De La Cruz was not transported to the hospital by ambulance and that she was transported by a Hidalgo County Sheriff's Office unit.  Defendant denies that Melissa required transport assistance by medical personnel.  Defendant denies that this practice is a misguided attempt to save money.

4.17    As to the allegations in ¶ II.B.4.b.21. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied. Defendant denies that the information set out in ¶ II.B.4.b.21. of Plaintiffs' Original

Complaint were well-known in the jail and that jail employees "acted consistently" in failing to secure emergency medical treatment.

4.18    As to the allegations in ¶ II.B.4.b.22. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.  Defendant denies that that the information set out in ¶ II.B.4.b.22. of Plaintiffs' Original Complaint was known to medical staff at Hidalgo County Adult Detention Center, or that Melissa De La Cruz complained of right upper quadrant pain at any time before April 13, 2023.

4.19    As to the allegations in ¶ II.B.4.b.23. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.20    As to the allegations in ¶ II.B.4.b.24. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.  Defendant admits that Plaintiffs contend that Melissa had suffered with untreated sepsis in jail.

4.21    As to the allegations in ¶ II.B.4.b.25. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.22    As to the allegations in ¶ II.B.4.b.26. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content

of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.23    As to the allegations in ¶ II.B.4.b.27. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.24    As to the allegations in ¶ II.B.4.b.28. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.25    As to the allegations in ¶ II.B.4.b.29. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.26    As to the allegations in ¶ II.B.4.b.30. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.27    As to the allegations in ¶ II.B.4.b.31. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.28    As to the allegations in ¶ II.B.4.b.32. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.29    As to the allegations in ¶ II.B.4.b.33. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.30    As to the allegations in ¶ II.B.4.b.34. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.31    As to the allegations in ¶ II.B.4.b.35. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.32    As to the allegations in ¶ II.B.4.b.36. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.33    As to the allegations in ¶ II.B.4.b.37. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content

of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.34   As to the allegations in ¶ II.B.4.b.38. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.35   As to the allegations in ¶ II.B.4.b.39. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.36   As to the allegations in ¶ II.B.4.b.40. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.37   As to the allegations in ¶ II.B.4.b.41. of Plaintiffs' Original Complaint, Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' summary of the content of Melissa De La Cruz's Edinburg Regional Medical Center records therefore such allegations are denied.

4.38   Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ II.B.4.c.42. of Plaintiffs' Original Complaint, therefore such allegations are denied.

4.39   Defendant is not required to admit or deny Plaintiffs' statements of law and/or interpretation of law contained in ¶ II.C.1.43. of Plaintiffs' Original Complaint.  Defendant denies that County policies, practices and customs alleged in Plaintiffs' pleading, whether supporting

episodic acts or conditions of confinement claims, were the moving forces behind any constitutional violations and damages asserted by Plaintiffs.  Defendant denies that the County knew, when it incarcerated Melissa De La Cruz, that any of its personnel, policies, practices and customs were such that it could or would not meet its constitutional obligations to protect Melissa De La Cruz, or other pretrial detainee, including through its provision of medical care.  Defendant denies that any alleged consistent action and/or inaction by County employees or agents, specifically regarding Melissa De La Cruz, confirm policies, practices and procedures alleged in Plaintiffs' Original Complaint.  Defendant admits that its sheriff is the official policymaker for the Hidalgo County Adult Detention Center.  Defendant denies that policy and practice decisions regarding the operation of the Hidalgo County Adult Detention Center are made through Hidalgo County's Commissioners' Court or its "jail administrator."  Defendant denies that unconstitutional widespread practice and customs have become the official policy of the Hidalgo County Adult Detention Center.

4.40    Defendant denies all allegations in ¶ II.C.1.44. of Plaintiffs' Original Complaint.

4.41    As to the allegations in ¶ II.C.2.45. of Plaintiffs' Original Complaint, Defendant is not required to admit or deny Plaintiffs' statements of law and/or interpretation of law contained in this paragraph.  Defendant denies that Plaintiffs have enumerated "other incidents of suffering and death" which demonstrate any policy, practice or custom above a speculative level, or that such practices, policies or customs were proximate causes of, producing causes of or were moving forces behind damages asserted by Plaintiffs herein. Defendant denies that any of the listed incidents show specific policies, practices and customs or point to a pervasive carelessness or deliberate indifference to the specific needs of detainees.  Defendant denies failing to adequately protect detainees in its jail.

4.42    Horacio Moronta. As to the allegations in ¶ II.C.2.46. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.  Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care. Defendant denies that it was put on notice of the need to have in place appropriate sepsis recognition and treatment protocol and policies.

4.43    Richard Carper. As to the allegations in ¶ II.C.2.47. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs.  Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.  Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.44    Noel Ochoa. As to the allegations in ¶ II.C.2.48. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.  Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.45    Jesse Guerrero. As to the allegations in ¶ II.C.2.49. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that

this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.46    Ramiro Hernandez. As to the allegations in ¶ II.C.2.50. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.    Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.47    Paul Labude. As to the allegations in ¶ II.C.2.51. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs.  Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.48    Armando Charles.  As to the allegations in ¶ II.C.2.52. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.49    Samuel Martinez. As to the allegations in ¶ II.C.2.53. of Plaintiffs' Original Complaint, Defendant denies that it filed a custodial death report on Samuel Martinez with the Texas Attorney General. The report on file with the Texas Attorney General report was filed by

the Starr County Sheriff's Office and involves an inmate in the Starr County Jail. Defendant denies that Samuel Martinez was an inmate in the Hidalgo County Adult Detention Center at the time of his death.

4.50    Juan Mendez. As to the allegations in ¶ II.C.2.54. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.51    Jesus Morales. As to the allegations in ¶ II.C.2.55. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.    Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.52    Michael Herrera. As to the allegations in ¶ II.C.2.56. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care. Defendant denies that it was put on notice of the need to have in place appropriate sepsis recognition and treatment protocol and policies.

4.53    Anthony Villarreal. As to the allegations in ¶ II.C.2.57. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas

Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.    Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.54    Alexandre Beltran.    As to the allegations in ¶ II.C.2.58. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.55    Ronald Guidry. As to the allegations in ¶ II.C.2.59. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.56    Jorge Baez, Jr.    As to the allegations in ¶ II.C.2.60. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.57    Omar Garza.  As to the allegations in ¶ II.C.2.61. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs.  Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.  Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.58    Mary Johnson.  As to the allegations in ¶ II.C.2.62. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.59    Miguel Garcia.  As to the allegations in ¶ II.C.2.63. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.60    Hugo Barbosa.   As to the allegations in ¶ II.C.2.64. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.61    Jose Hernandez. As to the allegations in ¶ II.C.2.65. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.62    Jaime Mendez.   As to the allegations in ¶ II.C.2.66. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.63    Oscar Lopez. As to the allegations in ¶ II.C.2.67. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.   Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.64    Juan Guerra. As to the allegations in ¶ II.C.2.68. of Plaintiffs' Original Complaint, Defendant admits that it filed a custodial death report on this inmate with the Texas Attorney General which includes some of the facts recited/interpreted by Plaintiffs. Defendant denies the accuracy and completeness of Plaintiffs' version of such facts.    Defendant denies that this inmate's death was caused by any deliberate indifference or failure to provide adequate medical care.

4.65    As to the allegations in ¶ II.C.3.69. of Plaintiffs' Original Complaint, Defendant denies that inspections by the Texas Commission on Jail Standards ("TCJS") before the death of Melissa De La Cruz support an inference that there were preexisting policies, practices and customs which were a moving force behind "Melissa's suffering and death". Defendant denies that TCJS reports regarding other areas of noncompliance with TCJS standards can show policies, practices and customs including those alleged in Plaintiffs' Original Complaint.

4.66    Defendant is not required to respond to the non-factual allegations in ¶ II.C.3.70. of Plaintiffs' Original Complaint regarding the content of Plaintiffs' pleading. However, Defendant denies that Plaintiffs' allegations demonstrate that their claims have facial plausibility. Defendant further denies that inspections by the Texas Commission on Jail Standards ("TCJS") before the death of Melissa De La Cruz support an inference that there were preexisting policies, practices and customs which were a moving force behind Melissa De La Cruz's suffering and death.

4.67    As to the allegations in ¶¶ II.C.**3.71 through** II.C.**3.80** of Plaintiffs' Original Complaint, Defendant admits that following TCJS inspections, the sheriff or his designee, jail administrator and Commissioners' Court representative would sign a document indicating that they were aware of the inspection and the results. Otherwise, Defendant denies the allegations asserted against it, if any, in ¶¶ II.C.**3.71 through** II.C.**3.80** of Plaintiffs' Original Complaint and denies the relevance, accuracy and completeness of Plaintiffs' version of Texas Commission on Jail Standards records, as well as the accuracy and completeness of Plaintiffs' rendition as "facts."

4.68    As to the allegations in ¶ II.C.4.81 of Plaintiffs' Original Complaint, Defendant denies that any of the policies, practices and customs alleged by Plaintiff caused, or proximately caused, or were producing causes of, or were moving forces behind all damages referenced in

Plaintiffs' Original Complaint, including the death of the decedent. Defendant denies that it is liable for any damages to Plaintiffs. Defendant denies that its policies, practices and customs worked individually or together to cause decedent's death and all damages asserted in Plaintiffs' pleading. Defendant admits that Plaintiffs' pleading alleges conditions of confinement claims arising from policies, practices and customs. Defendant is not required to admit or deny Plaintiffs' statement and/or interpretation of the law.

4.69    As to the allegations in ¶¶ II.C.**4.81 and** II.C.**4.82** of Plaintiffs' Original Complaint, Defendant admits that Plaintiffs alternatively allege episodic act or omission claims arising from policies, practices and customs. Defendant denies the existence of any unconstitutional policies, practices and customs. Defendant denies that any policies, practices and customs of the County or the Sheriff's office, or the Detention Center were a cause of any "suffering and death" of decedent. Defendant denies that any "relevant actors" were deliberately indifferent and/or objectively unreasonable. Defendant is not required to admit or deny Plaintiffs' statement of law and/or interpretation of law.

4.70    Defendant is not required to respond to the non-factual allegations in ¶ II.C.4.83. of Plaintiffs' Original Complaint regarding the content of Plaintiffs' pleading.

**Allegation of Failing to Provide Emergency or Necessary Medical Care**

- Defendant denies the allegation that it engaged in a policy, practice or custom of failing to provide or delay in providing medical treatment to detainees. Defendant further denies any failure to provide or delay in providing medical treatment to Melissa De La Cruz.

- Defendant denies the accuracy and completeness of Plaintiffs' version of "facts" pertaining to its contractual relationship with its medical and mental health services providers. Defendant denies the allegation it did not have a licensed medical professional available to diagnose illnesses in the Adult Detention Center. Defendant admits that the physicians contracted to provide medical services provided standing delegation orders to nurse practitioners and nurses. Defendant denies Plaintiffs' allegation that this was in order to save money or to avoid transporting detainees such as Melissa to a local hospital when such detainees needed medical treatment.

- Defendant denies Plaintiffs' allegation that it engaged in a policy, practice or custom of withholding needed immediate emergency medical care from any detainees and instead continuing their incarceration.

- Defendant denies that it engaged in a policy, practice or custom of failing to address observed serious health issues while monitoring detainees. Defendant denies any effort to save costs by failing to respond to detainees' observed serious health issues.

- Defendant denies any policy, practice or custom of failing or refusing to transport detainees who vitally needed emergency medical care to a hospital. Defendant denies any effort to save costs by not transporting detainees in need of emergency medical care. Defendant admits that under certain circumstances a detainee would be transported in a County vehicle. Defendant denies that this was in order to save money.

- Defendant admits that its physicians provided jail medical staff with protocols for various sets of symptoms. Defendant denies that it permitted jailers to make medical diagnoses. Defendant denies that it permitted medical personnel to make diagnoses for which they were not licensed. Defendant denies that it engaged in any violation of state law. Defendant denies that the medical care provided Melissa De La Cruz in the Hidalgo County Adult Detention Center caused her days of alleged "horrific suffering and pain and eventually death." Defendant denies that its protocols were put in place to save money. Defendant denies that its protocols were put in place to avoid providing medical care to detainees. Defendant denies that its protocols were put in place to avoid providing detainees with constitutional protections.

- As to its **jailers**, Defendant admits that it had no official policy and provided no training to **its jailers** regarding recognition of **sepsis** *per se*, although its polices and practices require its jailers to report observed adverse medical symptoms or medical complaints expressed by detainees to the nursing staff, such as fever, persistent headaches, and persistent pain, which may be symptoms of sepsis. Defendant further asserts that its policies and practices provide for the nursing staff to treat symptoms according to medical protocols and to seek medical guidance, diagnosis, and treatment from the contract medical staff. Further, the jail nursing staff are trained as required by the authorities which issued their licenses, which training includes the recognition of symptoms of sepsis. Defendant further denies that it had no policy on how and when to transport a person to the emergency department of the local hospital.

- Defendant denies having a custom or practice to not conduct evaluations of detainees with serious medical issues but instead to provide medication based on standing orders and not based on a detainee's specific medical needs.

**Allegation Regarding Monitoring**

- Defendant denies engaging in a policy, custom or practice of failing to monitor detainees or failing to adequately or effectively monitor detainees.

- Defendant is without knowledge or sufficient information to enable it to identify the particular study to which Plaintiffs allegedly refer, therefore such allegations are denied. Defendant denies the accuracy and completeness of Plaintiffs' version of "facts" pertaining to such unidentified "study."

- Defendant denies that while monitoring detainees it engaged in a policy, practice or custom of failing to take action based upon material information obtained during such monitoring regarding serious health issues. Defendant denies that failure to take action (if any) was an attempt to save costs.

**Allegation Regarding Communication**

- Defendant denies engaging in any policy, practice or custom of not communicating a detainee's serious medical needs from one shift to another.

**Allegation Regarding Training**

- Defendant denies that its jailers were not trained as to how to deal with seriously ill detainees.

**Allegations Regarding Other Evidence of Policies, Practices and Customs**

- Defendant is not required to respond to Plaintiffs' statement and/or interpretation of the law. Defendant denies any misconduct in connection with the decedent's illness and death and denies that decedent's illness and death resulted from any *de facto* policy of Hidalgo County.

- Defendant is not required to respond to Plaintiffs' statement and/or interpretation of the law. Defendant denies any misconduct in connection with the decedent's illness and death and denies that decedent's illness and death resulted from any *de facto* policy of Hidalgo County.

- Defendant is without information or knowledge as to the August 15, 2018 "article" to which Plaintiffs refer and therefore denies the allegations contained therein. Defendant further denies the accuracy and completeness of Plaintiffs' rendition of such "facts." Defendant admits that the Hidalgo County Adult Detention Center has had overcrowding issues for years. Defendant denies the implication that it has failed to address any such issues in order to preserve detainees' constitutional rights and in order to comply with the requirements of the Texas Commission on Jail Standards. Further, Defendant denies that any such overcrowding conditions adversely affected the medical care provided to Melissa De La Cruz.

Further, Defendant specifically denies that its policies, practices, procedures and/or customs were the moving force attributable to any of Melissa De La Cruz's alleged injuries and/or death.

Specifically, Plaintiffs fail to demonstrate the following: (1) that an official policy or custom existed; (2) the existence of a policymaker for the County who knew or should have known about such policy or custom; (3) that such policymaker was deliberately indifferent; and (4) the subject policy or custom was the moving force leading to any constitutional violation. Defendant further denies that Plaintiffs can establish a condition of confinement that amounted to punishment. Plaintiffs fail to demonstrate the existence of: (1) a rule or restriction, or an identifiable intended condition or practice, or sufficiently extended or pervasive acts or omissions by jail personnel; (2) which was not reasonably related to a legitimate governmental objective; and (3) which directly caused a violation of any constitutional rights.

4.71 Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in ¶ III.A.84. of Plaintiffs' Original Complaint. Defendant denies that Plaintiff Ashlee Gonzalez and the Claimant Heirs have a right to bring an action against this Defendant under Tex. Civ. Prac. & Rem. Code § 71.021.

4.72    As to the allegations in ¶ III.B.4.85. of Plaintiffs' Original Complaint, Defendant denies that it is liable to Plaintiffs, Wrongful Death Beneficiaries and Claimant Heirs. Defendant denies that it violated the decedent's constitutional rights. Defendant denies the allegations that Melissa De La Cruz did not receive adequate medical and mental health care, was not protected and was punished as a pretrial detainee. Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in such paragraph.

4.73    As to the allegations in ¶ III.B.4.86. of Plaintiffs' Original Complaint, Defendant admits that in their interactions with Melissa De La Cruz, the County's employees and agents were operating under the color of state law. Defendant denies that the County's policies, practices and customs were a moving force behind, were producing causes of, or were proximate causes of the

decedent's alleged suffering, damages and death and/or any damages suffered by Plaintiffs, Wrongful Death Beneficiaries and Claimant Heirs.

4.74    As to the allegations in ¶ III.B.4.87. of Plaintiffs' Original Complaint, Defendant admits that the County sheriff is the chief policymaker for the Hidalgo County Adult Detention Center.  Defendant denies that the County's jail administrator or the County's commissioners' court are the chief policymakers for the Hidalgo County Adult Detention Center.

4.75    As to the allegations in ¶ III.B.4.88. of Plaintiffs' Original Complaint, Defendant denies that it was deliberately indifferent to policies, practices and customs developed or used related to the allegations in Plaintiffs' pleading, or for any facts which could possibly support episodic act or omission claims.  Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in such paragraph. Defendant denies acting in an objectively unreasonable manner.  Defendant denies that Plaintiffs can establish a condition of confinement claim which amounted to punishment. Plaintiffs fail to demonstrate the existence of: (1) a rule or restriction, or an identifiable intended condition or practice, or sufficiently extended or pervasive acts or omissions by jail personnel; (2) which was not reasonably related to a legitimate governmental objective; and (3) which directly caused a violation of Melissa De La Cruz's constitutional rights. Defendant denies the remainder of Plaintiffs' allegations set out in ¶ III.B.4.88. of Plaintiffs' Original Complaint.

4.76    As to the allegations in ¶ III.B.4.89-90. of Plaintiffs' Original Complaint, Defendant denies that Plaintiffs are entitled to any of the relief sought herein, including damages, exemplary damages, nominal damages, attorneys' fees or pre- or post-judgment interest.

4.77    Defendant denies the remainder of the allegations set out in ¶ IIV.A.91-IV.D.94 of Plaintiffs' Original Complaint, conditions precedent, use of documents at trial or pretrial

proceedings, jury demand and prayer; however, Defendant asserts that such paragraphs require no response from it.

## 5.0 AFFIRMATIVE DEFENSES

5.1    Defendant asserts its entitlement to sovereign immunity as to all state law claims, if any, by Plaintiffs, because they do not fall within the narrow waiver of immunity created by the Texas Tort Claims Act.  Defendant denies liability to exemplary or punitive damages arising under Federal law.  Defendant asserts all privileges and immunities available under federal or state law regarding the limitation of damages, if any.

5.2    Defendant asserts that Plaintiffs have failed to state a policy, custom or practice of Hidalgo County which violated any constitutional rights or were the moving force attributable to any of Melissa De La Cruz's injuries and/or death.  No Hidalgo County policy, practice or custom violated Melissa De La Cruz's federal rights or was a moving force behind any alleged deprivation of such rights.  Further, Defendant did not authorize or direct a violation of any federal rights and/or constitutional rights.  Further, Plaintiffs cannot establish a condition of confinement that amounted to punishment and fail to demonstrated the existence of: (1) a rule or restriction, or an identifiable intended condition or practice, or sufficiently extended or pervasive acts or omissions by jail personnel; (2) which was not reasonably related to a legitimate governmental objective; and (3) which directly caused a violation of Melissa De La Cruz's constitutional rights.  Therefore, Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted.

5.3    Any loss or damages sustained by the Plaintiffs at the time and place, and on the occasion mentioned in Plaintiffs' Original Complaint were caused in whole or in part, or contributed to, by the negligence or fault of Melissa De La Cruz, or of Plaintiffs, and not by any

negligence or fault or want of care on the part of this Defendant.  Defendant invokes the Doctrine of Comparative Responsibility.

5.4     In the alternative, Defendant would show that Melissa De La Cruz's alleged injuries and Plaintiffs' damages were caused, in whole or in part, or contributed to, by the intentional acts, negligence, fault or want of care of parties, persons, or instrumentalities over whom this Defendant exercised no control and for whose acts this Defendant is not under the law responsible.

5.5     Defendant asserts the statute of limitations as to the Claimant Heirs survival claims.

5.6     All statutory damage caps available under the causes of action sued for are claimed.

5.7     Exemplary damages are not recoverable against a governmental entity.

5.8     Plaintiffs are not entitled to attorneys' fees because Plaintiffs are not prevailing parties and Defendant herein is entitled to its attorneys' fees under 42 U.S.C. § 1988.

## 6.0 JURY DEMAND

6.1     Defendant hereby requests a trial by jury.

## 7.0 RESERVATIONS

7.1     Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant reserves the right to file any and all amended answers, cross-actions, third-party actions, counterclaims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant Hidalgo County prays that upon final trial and hearing hereof, Plaintiffs take nothing by their suit, that Defendant recover all costs incurred herein, including its attorneys' fees under 42 USC § 1988, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Preston Edward Henrichson*

_____

**PRESTON EDWARD HENRICHSON**
Texas Bar No. 09477000
Federal I.D. # 1922
**HENRICHSON LAW PLLC**
10113 North 10th, Ste. E South
McAllen, Texas 78504
Telephone: (956) 383-3535
Facsimile: (956)383-3585
E-mail: preston@henrichsonlaw.com &
eservices@henrichsonlaw.com
ATTORNEY IN CHARGE FOR
DEFENDANT HIDALGO COUNTY

CERTIFICATE OF SERVICE

This is to certify that on the 9th day of June, 2025, a true and correct copy of the above and foregoing was forwarded via ECF, via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail to all counsel of record.

*/s/ Preston Edward Henrichson*

_____

For the Firm

T. Dean Malone
LAW OFFICES OF DEAN MALONE, P.C.
900 Jackson Street, Suite 730
Dallas, TX 75202
dean@deanmalone.com

Michael T. O' Connor
Michael.oconnor@deanmalone.com
Jennifer Kingaard
Jennifer.kingaard@deanmalone.com
Alexandra W. Payne
Alexandra.payne@deanmalone.com
Jessica Bebawi
Jessica.bebawi@deanmalone.com
LAW OFFICES OF DEAN MALONE, P.C.
900 Jackson Street, Suite 730
Dallas, TX 75202