United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ASHLEE GONZALEZ, individually and as dependent administrator of and on behalf of the ESTATE OF MELISSA DE LA CRUZ, and MELISSA DE LA CRUZ's heir(s)-at-law and wrongful death beneficiaries; and ARACELI DE LA CRUZ, individually, | § § § § § § | |
| | § | CIVIL ACTION NO. 7:25-CV-00177 |
| Plaintiffs, | § § | JURY DEMANDED |
| v. | § § | |
| HIDALGO COUNTY, TEXAS, | § § | |
| Defendant. | § § | |

**AMENDED AGREED PROTECTIVE ORDER**

The Court ORDERS that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the Parties produce during the course of this action. This Protective Order is made under Rule 26(c) of the Federal Rules of Civil Procedure.

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as Confidential Information in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

1.      "Confidential Information" refers to private, secret, or restricted information of any

party that, by its nature, must be maintained in confidence to protect the interests of the party. "Confidential Information" also refers to information which the Health Insurance Portability and Accountability Act (HIPAA) views as private and protected health information for natural people who are not parties to this lawsuit ("Non-Party PHI"). Counsel for any party, or a pro se party, may designate any document and/or tangible thing, information contained in a document and/or tangible thing, information produced in discovery, revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where they have determined in good faith that such designation is necessary. The party making such designation must stamp and/or label the documents and/or information and/or tangible things with "**CONFIDENTIAL**". This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data reflecting or disclosing all or parts of designated documents.

2.      **Depositions.**

(a)      For deposition testimony or exhibits to be entitled to protection under this Protective Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(b)      If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information."

(c)      Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or

control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

3.  Unless otherwise ordered by the Court or provided for in this Order, or unless otherwise agreed to by the parties in a signed writing, any party receiving Confidential Information:

a.  Must hold and maintain such information or document and/or tangible thing solely for use in connection with this action and not for any other purpose; and

b.  Must not disclose the information or document to any other person.

4.  **Challenges to Designations.**

A party's designation of documents as "Confidential Information" is not binding **only if** the procedures below are followed:

A.  A receiving party may challenge a producing party's designation at any time. Any receiving party must request in writing that the producing party change the designation. The producing party, within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

B.  If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

C.  Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" designation will remain in full force and effect, and the document will

Amended Agreed Protective Order – Page 3 of 8

continue to be protected by this Protective Order.

5.      The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court only in the absence of agreement.

6.      Provided that the individuals listed in this paragraph are informed of the terms of this Protective Order, information and/or documents and/or tangible things designated as Confidential Information must not be disclosed to any person by the receiving counsel, except:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation, including such as associate and contract attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and private copying services;

      c.      Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents and other third party vendors;

      d.      Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

      e.      Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

      f.      The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial.

7.      Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 6 (a), (b), (c), (d), (e) and (f), counsel must:

      a.      Inform the person of the confidential nature of the information and documents; and

      b.      Inform the person that this Court has enjoined the use of the information or

documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.      Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 6 (c), (d) and (e), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event the person refuses to sign an agreement.

9.      Any party seeking to file Confidential Information with the Court shall file the at-issue pleading, brief, or other material under seal. Such party shall also separately and concurrently file a motion to seal on the public record. Such party shall prepare and attach to the motion a redacted version of the material suitable to and proposed for filing on the public docket. In the alternative, such party shall establish cause why redaction is not possible.

10.     Such party shall identify all under-seal filings on the CM/ECF system with an informative title and designation of SEALED. For example, Motion for Summary Judgment (SEALED).

11.     The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information as Confidential Information provided that the producing party makes the designation no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

12.     Within thirty days after entry of a final judgment that is no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Further, as to Non-Party PHI, Parties to this case may

not use or disclose such information for any purpose other than this litigation, and each party receiving Non-Party PHI must destroy the Non-Party PHI (including all copies made) at the end of this litigation.  Each party's counsel may retain their working files on the condition that those files will remain confidential.

13.     The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

      a.     Further protect Confidential Information;

      b.     Seek protection regarding the production of documents, and/or tangible things and/or information;

      c.     Compel production of documents or information; or

      d.     Modify this Order.

14.     Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable laws and rules.

15.     Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

It is SO ORDERED.

Signed on _____April 20, 2026_____.

_____
DREW B. TIPTON
UNITED STATES DISTRICT JUDGE

Agreed:


   /s/ *Preston E. Henrichson*
Preston E. Henrichson
HENRICHSON LAW PLLC
10113 North 10th St., Suite E South
McAllen, TX 78504
Texas State Bar No. 09477000
Federal ID No.: 1922
preston@henrichsonlaw.com & eservices@henrichsonlaw.com
Telephone: (956) 383-3535
Telefax: (956) 383-3585
Attorney in Charge for Defendant Hidalgo County


   /s/ *T. Dean Malone*
T. Dean Malone

T. Dean Malone
Texas State Bar No. 24003265
Southern District of Texas Bar No. 37893
dean@deanmalone.com
Jennifer Kingaard
Texas State Bar No. 24048593
Southern District of Texas Bar No. 558276
jennifer.kingaard@deanmalone.com
Alexandra W. Payne
Texas State Bar No. 24118939
Southern District of Texas Bar No. 3799983
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904

Attorneys for Plaintiffs

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ASHLEE GONZALEZ,<br>INDIVIDUALLY AND AS<br>DEPENDENT ADMINISTRATOR OF<br>AND ON BEHALF OF THE ESTATE<br>OF MELISSA DE LA CRUZ, AND<br>MELISSA DE LA CRUZ'S HEIR(S)-<br>AT-LAW AND WRONGFUL DEATH<br>BENEFICIARIES; AND ARACELI DE<br>LA CRUZ, INDIVIDUALLY,<br><br>v.<br><br>HIDALGO COUNTY, TEXAS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:25-CV-00177 |

Counsel intends to disclose to me documents and/or tangible things, and/or information in connection with the above entitled matter.

Counsel has informed me that a party has designated some of those documents and/or tangible things and/or information as Confidential Information. I understand that any of the documents and/or tangible things and/or information labeled "Confidential" are confidential by Order of the Court.

I agree that I will not disclose to any other person any documents and/or tangible things labeled **CONFIDENTIAL** or information contained in those documents and/or tangible things. I also agree not to use those documents and/or tangible things and/or information for any purpose other than this litigation.

Signed: _____   Dated: _____

Signed in the presence of:

Attorney: _____   Dated: _____

Amended Agreed Protective Order (Exhibit A) – Page 8 of 8